A. M. ROBINSON CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5652. Promulgated January 27, 1927.

1. Invested capital may not be reduced in determining the extent to which a dividend is paid from current earnings of a year by a "tentative tax" theoretically set aside out of such earnings pro rata over such year.

2. In the absence of evidence that the action of the respondent in reducing invested capital on account of depreciation sustained was erroneous, his action is approved.

*Sidney J. Hayles, C. P. A.*, for the petitioner.
*Ward Loveless, Esq.*, for the respondent.

The petitioner is a Georgia corporation with its principal office at Atlanta. During the period involved in the appeal it operated two plants, one known as the manufacturing plant and the other as the Robinson Shirt Co. On January 5, 1920, the petitioner paid a cash dividend of $51,250. Its books were not closed on that date nor was its net income otherwise determined for the expired portion of the taxable year.

The respondent determined the taxpayer's net income, including dividends, to be $166,868.53 for the entire year ended October 31, 1920. A tentative tax of $33,121.64 was determined by the respondent upon the income for the entire year. He deducted the amount of the tentative tax from the total income and found that there was a balance of $133,746.89 available for dividend distribution. Since the taxpayer did not close its books at January 5, 1920, this income was divided by 365 days and a daily average income of $365.42 found. Since 65 days had elapsed at the time of the payment of the dividend, the respondent determined that there were earnings available for distribution up to that date of $23,752.30. The dividend paid exceeded this amount by $27,497.70. The respondent prorated the $27,497.70 over a period of 301 days. The resulting amount was $22,614.23, by which petitioner's invested capital was reduced. The petitioner made its return on the accrual basis. It had a reserve account for Federal income and profits taxes in which it had set up an amount of $9,993.53 on October 31, 1920.

The assets of the two plants were carried on petitioner's books at $18,127.56 on October 31, 1912. To that date there had been set up as a reserve for depreciation $9,745.42. On October 31, 1918, an entry was made charging the reserve for depreciation account with $9,745.42 and crediting the undivided profits account with the same amount. No appraisal had been made of the assets as of March 1, 1913. Sales and inventories for the Manufacturing Plant and the Robinson Shirt Co. were as follows:

| For year ended Oct. 31. | Manufacturing plant. | | Robinson Shirt Co. | |
|---|---|---|---|---|
| | Sales. | Inventory. | Sales. | Inventory. |
| 1912 | $97,283.59 | $11,433.24 20,432.16 | $80,330.92 | $18,603.92 |
| 1913 | 92,644.42 | 13,967.63 | 83,290.19 | 24,266.06 |
| 1914 | 121,526.07 | 20,433.38 | 92,048.03 | 28,892.56 |
| 1915 | 105,762.25 | 17,609.07 | 70,685.65 | 25,019.63 |
| 1916 | 136,060.92 | 45,898.76 | 105,026.90 | 25,251.98 |
| 1917 | 182,791.89 | 52,915.36 | 114,580.83 | 32,974.44 |
| 1918 | 234,131.37 | 54,696.93 | 121,218.80 | 42,829.04 |
| 1919 | 212,711.51 | 22,491.83 | 183,652.66 | 19,936.31 |
| 1920 | 272,734.71 | 20,879.97 | 239,504.97 | 55,334.03 |
| 1921 | 117,063.77 | 46,056.30 | 96,956.68 | 86,585.15 |

The petitioner in its return claimed depreciation in the amount of $2,187.64 on its plants, equipment, furniture, and fixtures. This amount was reduced to $977.12 by the respondent.

The respondent reduced the invested capital by $9,993.53, representing the amount of a rejected claim for the abatement of additional income and profits taxes for the year 1918. He also reduced the invested capital by $48,483.54, representing the prorated amount of the adjusted income and profits taxes for the year 1919.

The respondent reduced the invested capital by increasing the amount of a reserve for depreciation by $10,614.83, of which $9,845.42 represented depreciation written off prior to March 1, 1913, but which was restored by the petitioner to its books by an entry made on October 31, 1918.

On October 31, 1916, the total amount of the reserve for depreciation that had been set up on petitioner's books was $16,350.76. The assets against which this reserve had been set up were carried on the books at $19,835.38. In determining petitioner's surplus as of October 31, 1916, which surplus was carried forward in the computation of petitioner's invested capital for the year under consideration, the respondent allowed in the asset account an amount of $5,042.89, or $1,558.27 in excess of the undepreciated amount of the assets as shown by the books.

OPINION.

TRAMMELL: The petitioner contends that the income should not be reduced by a tentative tax in determining the amount available for distribution from the earnings for the expired portion of the taxable year.

We considered this question in the *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135. There we held that the respondent's action in reducing the invested capital of a corporation in determining the extent to which a dividend is paid from current earnings of a year by a tentative tax theoretically set aside out of such earnings prorated over the year was erroneous.

Since our decision in the *Ayers* appeal, the Supreme Court in the case of *United States* v. *Anderson*, 269 U. S. 422, has held that the munitions tax for 1916 accrued and was deductible in that year by a corporation which reported on the accrual basis.

In reaching that decision the court said:

Only a word need be said with reference to the contention that the tax upon munitions manufactured and sold in 1916 did not accrue until 1917. In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax, all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it. In this respect, for purposes of accounting and of ascertaining true income for a given accounting

period, the munitions tax here in question did not stand on any different footing than other accrued expenses appearing on appellee's books. In the economic and bookkeeping sense with which the statute and Treasury decision were concerned, the taxes had accrued.

Subsequent to the decision of the Supreme Court in the above case, we have affirmed the decision in the *Appeal of L. S. Ayers & Co.* as not being in conflict therewith. *Appeals of Washington Hotel Co.*, 4 B. T. A. 441; *Amalgamated Sugar Co.*, 4 B. T. A. 568.

In attempting to show that its depreciable assets had a fair market value on March 1, 1913, equal to the cost price at which they were carried on the books without any allowance for depreciation, the petitioner introduced evidence showing the sales made by each plant and its inventories from 1912 to 1921. The only witness offered by the petitioner testified entirely from the books. He stated that he was not employed by the petitioner on March 1, 1913, that he had no personal knowledge as to the fair market value of the petitioner's assets on that date, and that he did not know how long the assets had been in use prior to that date. The books show that on October 31, 1912, the depreciable assets were carried at $18,127.56. Against this a reserve for depreciation, amounting to $9,745.42, had been set up leaving a book value of $8,382.14 on October 31, 1912.

Ten thousand six hundred and fourteen dollars and eighty-three cents was eliminated from the invested capital by the respondent and restored to the reserve for depreciation account; $9,745.42 of that amount represented depreciation written off prior to March 1, 1913, but restored to the books on October 31, 1918. We are unable to find from the evidence that the depreciation written off prior to March 1, 1913, was not sustained prior to that date, nor can we find from the evidence that the fair market value of the assets on that date was greater than their undepreciated value as shown by the books. There is no evidence that the reduction of invested capital on account of depreciation sustained subsequent to March 1, 1913, was erroneous. The adjustment made by the respondent is, therefore, sustained. Nor is there any competent evidence that the action of the respondent with respect to the deduction on account of depreciation in determining taxable income was erroneous.

No error is shown to have been committed by the respondent in reducing invested capital by the amount of a disallowed claim for abatement. If there was a liability for unpaid taxes for prior years, earned surplus should be reduced by such amount. In the absence of evidence showing error in this respect, we affirm the respondent's determination.

The action of the respondent in reducing invested capital on account of income and profits taxes for the prior years is in accordance with section 1207 of the Revenue Act of 1926.

During the hearing the respondent asked and was granted leave to amend his answer to the petition by setting up an averment that the petitioner's invested capital for the year in question should be further reduced by an amount of $1,558.27, representing the difference between the value of petitioner's assets as shown by its books and that allowed by the respondent in determining surplus at October 31, 1916. The testimony is not sufficient to sustain the respondent's affirmative allegations. Therefore, the invested capital for the year ended October 31, 1920, should not be further reduced by $1,558.27.

*Judgment will be entered after 15 days' notice, under Rule 50.*